UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **JOSEPH FLORES**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**FOREST PARK PROPERTY OWNERS ASSOCIATION, INC.**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No.  2:22-cv-299<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **JOSEPH FLORES** ("FLORES"), by and through undersigned counsel, and brings this action against **FOREST PARK PROPERTY OWNERS ASSOCIATIONS, INC.** ("Defendant") and states the following for his Complaint:

**INTRODUCTION**

1. This is an action brought under 42 U.S.C. §1981 for unlawful retaliation.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

1

3.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

## PARTIES

4.     Plaintiff, **JOSEPH FLORES** ("**FLORES**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant in Lee County, Florida.

5.     Defendant, **FOREST PARK PROPERTY OWNERS ASSOCIATIONS, INC.** ("Defendant") is a Florida corporation located in Lee County, Florida. The Defendant was Plaintiff's employer.

## GENERAL ALLEGATIONS

6.     **FLORES** began his employment with the Defendant in October 2016, and was employed as a maintenance technician.

7.     **FLORES** always performed his assigned duties in a professional manner and was very well qualified for his position.

8.     **FLORES** always received good to very good performance reviews from the Defendant until he complained of a hostile workplace based on race.

9. **FLORES** is Hispanic, and was the only Hispanic employed by the Defendant.

10. On March 9, 2022, **FLORES** made a complaint of racial harassment and discrimination, which complaint consisted of detailing disparate treatment based upon race. More specifically, **FLORES** complained of being racially stereotyped by Monte Johnson (Board Member), who made it his mission to try to find fault with **FLORES** for things he did whereas Johnson did no such thing to those outside of **FLORES**' protected class. **FLORES** made his complaint to the Defendant's Board.

11. Just two-days later – March 11, 2022 – the Defendant called a "Special Meeting" to vote to terminate **FLORES** for "insubordination."

12. The Defendant terminated **FLORES** because he engaged in activity protected by 42 U.S.C. §1981.

## COUNT I – VIOLATION OF §1981- RETALIATION

13. Plaintiff incorporates by reference Paragraphs 1-12 of this Complaint as though fully set forth below.

14. **FLORES** is a Hispanic person and, as such, is a member of a protected class.

15. At all material times, **FLORES** was an employee and the Defendant was his employer.

3

16. **FLORES** was qualified for the positions that he held with the Defendant.

17. **FLORES** complained to the Defendant about the racial harassment and discrimination, and the Defendant clearly observed his growing discomfort concerning the same.

18. **FLORES**' complaints constitute a protected activity because his complaints were concerning an unlawful activity of the Defendant.

19. Said protected activity was the proximate cause of the Defendant's negative employment actions against **FLORES**.

20. Instead of preventing said treatment, the Defendant retaliated against **FLORES**.

21. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of §1981.

22. As a direct and proximate result of the violations of §1981, as referenced and cited herein, **FLORES** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

23. As a direct and proximate result of the violations of §1981, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **FLORES** is entitled to all relief necessary to make him whole as provided for under §1981.

24. As a direct and proximate result of the Defendant's actions, **FLORES** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

    iv. Reasonable attorney's fees plus costs;

    v. Compensatory damages;

    vi. Punitive damages, and;

    vii. Such other relief as this Court shall deem appropriate.

**DEMAND FOR TRIAL BY JURY IS HEREBY MADE**

                Respectfully submitted,

Dated: May 6, 2022          **/s/ Benjamin H. Yormak**_____
                                        Benjamin H. Yormak
                                        Florida Bar Number 71272
                                        Lead Counsel for Plaintiff
                                        YORMAK EMPLOYMENT & DISABILITY LAW
                                        27200 Riverview Center Blvd., Suite 109
                                        Bonita Springs, Florida 34134
                                        Telephone: (239) 985-9691
                                        Fax: (239) 288-2534
                                        Email: byormak@yormaklaw.com